IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DAVID R. PETE, | § |
| | § |
| *Plaintiff*, | § CIVIL ACTION NO. 1:20-CV-00098 |
| | § JUDGE MICHAEL TRUNCALE |
| v. | § |
| | § |
| WILLIAM BARR, ATTORNEY GENERAL; | § |
| | § |
| *Defendant*. | § |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This case is referred to Magistrate Judge Zack Hawthorn for pretrial management under a standing order. Pending before the Court is Defendant Merrick Garland's[1] Motion to Dismiss, or Alternatively, Motion for Summary Judgment. [Dkt. 32]. On March 25, 2022, Judge Hawthorn issued his Report and Recommendation in which he recommended granting Garland's motion. [Dkt. 40]. On March 31, 2022, pro se Plaintiff David R. Pete timely filed his Objections to Any and All of the Report and Recommendation. [Dkt. 41]; *see* Fed. R. Civ. P. 72(b)(2). On April 18, 2022, Pete also filed a related Motion for Clerk's Entry of Default. [Dkt. 43].

**I.  Objections**

A party who files timely, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)–(3). The Court has conducted a *de novo* review of Judge Hawthorn's Report and Recommendation and has

---

[1] Merrick Garland was automatically substituted as the Defendant in place of William Barr. *See* Fed. R. Civ. P. 25(d).

carefully considered Pete's objections. The Court finds that Judge Hawthorn's findings and conclusions of law are correct, and that Pete's objections are without merit. In general, Pete has launched only vague objections to Judge Hawthorn's Report and Recommendation, and his specific objections are without factual support.

## II.  Entry of Default

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, Garland has answered Pete's complaint, filed a dispositive motion, responded to Pete's request for a hearing, and filed a motion to stay deadlines, among other things. [Dkts. 17, 32, 34, 37]. It appears that Pete's basis for default is that Garland failed to respond to Pete's objections to the Report and Recommendation. [Dkt. 43 at 1]. But a party is not required to respond to another party's objections. *See* Fed. R. Civ. P. 72(b)(2) ("A party *may* respond to another party's objections within 14 days after being served with a copy.") (emphasis added). Accordingly, Pete's motion for default is without merit.

## III.  Conclusion

It is therefore **ORDERED** that Plaintiff David R. Pete's Objections to Any and All of the Report and Recommendation [Dkt. 41] are **OVERRULED**.

It is further **ORDERED** that Pete's Motion for Clerk's Entry of Default [Dkt. 43] is **DENIED**.

It is further **ORDERED** that Judge Hawthorn's Report and Recommendation [Dkt. 40] is **ACCEPTED**, and Defendant Merrick Garland's Motion to Dismiss, or Alternatively, Motion for Summary Judgment [Dkt. 32] is **GRANTED**.

The Court will enter a Final Judgment separately.

**SIGNED this 27th day of April, 2022.**

Michael J. Truncale
United States District Judge